[No. 31970.   Department Two.   August 21, 1952]

*In the Matter of the Estate of* Ed Mikelson, *Deceased.*
Adeline Porter, *Appellant,* v. Ben C. Meyer, *et al.,*
*Respondents.*[1]

[1]Reported in 247 P. (2d) 540.

*Eddelman & Wheeler* and *Adolf D. Koch,* for appellant.

*Kahin, Carmody & Horswill,* for respondents.

OLSON, J.—In this proceeding, a sister of the testator seeks to set aside an order admitting his will to probate, on the grounds of lack of testamentary capacity, and undue influence exerted by his stepson. The trial court entered findings of fact sustaining the will, and dismissed her action. She appeals, and challenges these findings.

No useful purpose would be served by more than a brief statement of the evidence. It shows that the testator was sixty-five years of age and in fair health, when he suffered a coronary occlusion. This attack occurred early in the evening, and he was taken to a hospital immediately. Drugs were ministered to him to alleviate his pain. The next morning, he asked his physician about his condition and was told that he had a "50/50 chance" to recover. He then requested the doctor to notify his stepson of his condition, and to have him obtain a lawyer. An attorney, who was a stranger to the parties and was one of several suggested by the doctor, came to the hospital with the stepson about 5:30 p. m. that same day. After the testator gave him the necessary information, the attorney wrote the will in long-hand, and it was executed by the testator. The attorney's notes of the directions given him by the testator were introduced in evidence. The stepson and his wife remained in the room, but took no part in the conference except to answer questions by the testator.

The testator remembered and named his relatives, and was able to describe his property accurately. He had no children, and, although his stepson had lived with him during his youth and their relationship was friendly, the testator had not adopted him. He made specific bequests to petitioner, to a brother, and to the children of his stepson, but left most of his estate to his stepson and named him executor of his will. He lived four days after making his will, and was unable to leave the hospital during that period.

■ The rules of law applicable to these issues, and the requirement that the contestant sustain the burden of proof by clear, cogent, and convincing evidence, have been set forth in many of our cases. *In re Kessler's Estate,* 35 Wn. (2d) 156, 160, 211 P. (2d) 496 (1949); *In re Soderstran's Estate,* 35 Wn. (2d) 448, 460, 213 P. (2d) 949 (1950), and cases cited.

■ Each of these cases depends upon its own facts. *In re Martinson's Estate,* 29 Wn. (2d) 912, 914, 190 P. (2d) 96 (1948). In this case, the findings of the trial court were made upon conflicting evidence. They are entitled to great weight. See *In re Martinson's Estate, supra,* p. 920; *In re Chapman's Estate,* 37 Wn. (2d) 682, 691, 225 P. (2d) 883 (1950), and cases cited. There is not sufficient evidence to overcome those findings upon the issue of testamentary capacity or of undue influence.

The court found that the narcotic ministered to the testator consisted of a quarter grain of morphine sulphate, given approximately three and one-half to four hours before the execution of his will, and that the drug did not impair his mind, memory, or faculties. The undisputed evidence shows that morphine and other drugs were ministered to the testator, at intervals of approximately four hours, throughout the twenty-two hours preceding the execution of his will. Petitioner contends that the failure of the trial court to mention all these ministrations in its findings, indicates that it overlooked material evidence in the case, and, consequently, its finding upon the ultimate fact of testamentary capacity must be in error.

■■ The ministration of narcotics was but one of the evidentiary facts of the whole case, and is not, of itself, proof or even weighty evidence of testamentary incapacity. *In re Kinssies' Estate,* 35 Wn. (2d) 723, 734, 214 P. (2d) 693 (1950). The evidence regarding its effects upon this testator was in sharp conflict and consumed much of the time of the trial. The court did not overlook this evidence, but discussed it in its oral decision. It is not required to include evidentiary facts in its findings, but need only find the ultimate

facts on the material issues. *Phelps v. Phelps*, 2 Wn. (2d) 272, 274, 97 P. (2d) 1080 (1940), and cases cited.

Petitioner contends that, during the stepson's examination as an adverse witness, he feigned an emotional display to influence the court. She offered to prove that he made no such display on other occasions, and particularly when asked the same questions during an oral examination before the trial. The record does not show that any emotional demonstrations occurred, but does show remarks of court and counsel when the offer of proof was rejected. The court stated it attached no significance to the incident.

■ The demeanor of a witness cannot be shown in a written record. It is a matter for the trier of the facts to consider in weighing testimony, and is peculiarly within the province of the trial court. Even assuming that evidence pertaining to it might be admissible, under some circumstances, its admission can be no more than discretionary with the trial court. We will not say there was an abuse of discretion on this record or, in any event, where the circumstances surrounding the offered evidence were so different from those at the trial. Other reasons are advanced which might defeat this claim of error, but we need not consider them.

■ Petitioner claims that the taxation of statutory costs against her was erroneous. We are not concerned with attorneys' fees, as none were allowed either party. This matter is governed by RCW 11.24.050 [*cf.* Rem. Rev. Stat., § 1389], which reads in part:

"If the will is sustained, the court may assess the costs against the contestant, which costs may in the discretion of the court include a reasonable attorney's fee."

Under this statute, the taxation of these costs rests in the discretion of the court. A number of our cases state this rule, and the taxation of costs has been approved and disapproved. See *In re Chapman's Estate,* 133 Wash. 318, 321, 233 Pac. 657 (1925), and *In re Vaughn's Estate,* 137 Wash. 512, 518, 242 Pac. 1094 (1926), in which the costs were taxed against the contestant as they would be against any

other unsuccessful litigant. We find no abuse of discretion in this regard in this case.

The judgment is affirmed.

SCHWELLENBACH, C. J., HILL, HAMLEY, and FINLEY, JJ., concur.

