[No. 32256. Department One. February 27, 1953.]

BEATRICE L. EICKERMAN, *Respondent,* v. HERMAN H. EICKERMAN, JR., *Appellant.*[1]

*Geo. W. Young,* for appellant.

*H. Earl Davis* and *Clarence P. Smith,* for respondent.

HILL, J.—Appellant here seeks a change in the provisions of a divorce decree relative to the custody of two children. At the time of the divorce there was a property settlement agreement by the terms of which the husband, appellant here, agreed that the wife, respondent here, should have custody not only of their child, a boy then two years of age, but of two children by appellant's prior marriage, a girl and a boy then nine and seven years of age, respectively, and that he would pay one hundred fifty dollars a month for their support. The custody provisions in the divorce decree entered November 15, 1950, followed the terms of that agreement.

Appellant was at that time in no position, had he been so inclined, to wage a contest for the custody of his children. His extramarital activities were well known; as one of his brothers put it, he was "chasing again," and he had been arrested in a lady's apartment at five o'clock

[1] Reported in 253 P. (2d) 962.

in the morning. The trial judge who heard the petition for modification, speaking of appellant's agreement at the time of the divorce to let the respondent have the custody of the children, said:

"That perhaps was a very wise thing for him to do—perhaps a clever thing for him to do—because he knew of the facts here; he knew of his arrest, he knew there was no way he could go before a Court and avoid a Finding that he was not a proper and fit person to have custody of these children. So he makes this property settlement agreement, which I call an in lieu arrangement, whereby he gave up the custody of these children. Now that is a very, very significant thing to me in this matter. He was entitled to consideration; he could have presented the matter to a Court, but he waived his right to these children."

Appellant, ten and a half months after the entry of the divorce decree, brings the present proceeding for its modification, asking for the custody of his two children by his first marriage. He is now concerned over the fact that the respondent has no blood relationship to these two children, and stresses our opinions in *Penney v. Penney,* 151 Wash. 328, 275 Pac. 710 (1929); *Fitzgerald v. Leuthold,* 30 Wn. (2d) 402, 192 P. (2d) 371 (1948); *In re Ward,* 39 Wn. (2d) 894, 239 P. (2d) 560 (1952); *In re Warren,* 40 Wn. (2d) 342, 243 P. (2d) 632 (1952); and *State ex rel. Michelson v. Superior Court,* 41 Wn. (2d) 718, 251 P. (2d) 603. The only one of these cases that involved the modification of a divorce decree was the *Penney* case, and they are all readily distinguishable on the facts.

While we do not hold that the appellant had by his written agreement waived or abandoned all of his rights as the father of these two children, we do hold that a decree entered in accordance with the agreement will not be modified merely because he has changed his mind; a change in conditions warranting a modification in the decree must be established. Appellant, recognizing that under our repeated holdings the burden is on him to show such a change, suggests two:

First, he is now married to the lady in whose apartment he was arrested, and has established a home for her and

her five-year-old child by a former marriage. Of this home, and of appellant and his present wife and their relationship to each other and to her child, several witnesses testified in commendatory and even enthusiastic terms.

Second, the respondent has also married again. Her present husband has three children by a former marriage, a girl thirteen and two boys, eleven and nine years of age respectively. (He is divorced from his first wife, the mother of his children, by reason of her mental incompetency.) He holds a responsible position with an adequate salary. They live in a large, comfortable and commodious home, and all six of the children are well cared for.

Respondent and her present husband are Lutherans, and two of his children and the two children of appellant over whose custody this litigation is waged, attend a Lutheran parochial school. Appellant testified that he is not a Lutheran and does not approve of the children's attending a parochial school. Both respondent and her husband testified that they did not know of such objection on his part prior to the trial and indicated willingness to send the children to a public school if the court should indicate that such a change was desirable.

The trial judge talked with the children and visited both homes. He heard the appellant and his witnesses. He heard the respondent and her witnesses, including appellant's own mother and brother, who testified that he was not a proper person to have custody of the children. The trial judge heard, too, appellant's insinuations and innuendoes designed to embarrass the respondent and to cast suspicion on her premarital relations with her present husband. When it was all over, the trial judge could "unhesitatingly say" that the respondent "is a remarkably fine, wholesome young woman," and "the only mother they [appellant's children] have known." Actually, respondent's capability of giving these children the care, training and security of a home, to which they are entitled, was much better at the time of the hearing in the superior court than when

the decree was entered which the appellant seeks to have modified.

The change in appellant's condition, as we have noted, was that he was married again and had a home of his own. Appellant is now thirty years of age and embarked upon his third matrimonial venture. He lived with his first wife some three and a half years (married May 9, 1940; divorce action commenced December 15, 1943). He lived with his second wife somewhat less than five years (married September 1, 1945; divorce action commenced June 9, 1950), with some period of separation and separate maintenance intervening. He had, at the time of filing the petition for modification (October 2, 1951), been married to his present wife only since December 16, 1950, and at the time of the hearing thereon had been married less than a year.

A trial judge should not be as pessimistic as was Patrick Henry, who declared that he knew of no way of judging the future but by the past, but the trial judge here might well believe, as we certainly do, that the stability and permanence of appellant's present marriage has not yet been sufficiently demonstrated. The judge was of the opinion that appellant's present wife should not be too harshly judged on the basis of the past, but he questioned her capacity to handle two additional children, saying:

"As I say, I am not going to condemn this young lady because undoubtedly her path through life may not always have been smooth and probably not always her fault, but I saw her in her home and it is my very definite feeling she has a full time job being mother to this child she had by her first marriage. . . . And I think I am convinced that it is not for her mental and physical welfare, frail as she is, that she should attempt the care of these children who are now near nine and eleven years of age."

The trial judge also seriously questioned the adequacy of the basement room which the appellant planned for the children if he secured their custody. He made some changes with reference to the payments and liberalized appellant's visitation privileges, but he refused to transfer the custody of the two children in question from the

respondent to the appellant. Any other result would be inexplicable.

Four assignments of error having to do with the trial court's failure to make findings of fact proposed by the appellant have been considered and found to be without merit.

Appellant's proposed finding that he reluctantly agreed in the property settlement agreement to give respondent custody of the children, which agreement he now seeks to change, is flatly contradicted by respondent's testimony concerning him:

"But he loves money more than anything, to my estimation. When we had our divorce he argued about money. He didn't argue about the children then."

■ To make the picture clearer, we have included in our statement of the case some of the findings the trial court declined to make. This does not imply that the court was under any duty to make them as specific findings. The trial court is not required to include every undisputed bit of testimony in its findings of fact (though undisputed, it may not be believed), nor is it required to include every conceded bit of testimony, which may or may not have bearing upon its decision. We have frequently and recently said that the trial court is not required to include evidentiary facts in its findings, but need only find the ultimate facts upon the material issues. See *In re Mikelson's Estate,* 41 Wn. (2d) 97, 247 P. (2d) 540 (1952).

■ To prevail in the present case, the appellant had to establish such a change in conditions as would warrant the taking of the children in question from the respondent and giving their custody to him. The trial court found, not that there had been no change in conditions, but that there was no change which would justify modification of the decree with reference to the custody of the children. We agree. The order appealed from is affirmed.

GRADY, C. J., MALLERY, WEAVER, and OLSON, JJ., concur.