[No. 21-40117-1.    Division One.    November 24, 1969.]
Panel 2

ELEANOR I. WAGNER, *Appellant,* v. PAUL L. WAGNER, *Respondent.*

*Dailey & Brinster* and *Joseph H. Brinster,* for appellant.

*Williams & Novack* and *Parker Williams,* for respondent.

UTTER, J.—This is a divorce action. The trial court granted a divorce to both parties and awarded the wife certain items of personal property, a car and alimony of $22,500 payable at $500 a month. The wife appeals, challenging certain findings of fact and the property division.

She contends the court abused its discretion in the division of the property. The rulings of the trial court relating to the use of depositions, allowing counsel for one of the parties to testify, and failure to award a sum for accrued support are also challenged.

Findings were entered by the court declaring the husband was an alcoholic before and during the marriage and that the wife was aware of his alcoholism at the time they married. The findings indicated the wife aided the husband in his drinking. Both husband and wife were found to have engaged in adulterous conduct. Before this marriage the wife was employed as a cook in a bowling alley owned by the husband and for a time prior to marriage the parties cohabited together.

The husband had considerable wealth at all times. He is the beneficiary of four trusts which have produced an income of $60,000 in some years. He also received income from the sale of numerous properties and had title to timberlands worth over $300,000. All this property was acquired prior to marriage.

As could be predicted, the marriage was stormy from the start. The wife brought action for divorce in November, 1961. The parties were reconciled and the action dismissed. A second action was filed in November, 1963, and never dismissed. In June, 1964, the wife began an adulterous rela-

tionship which continued through the entire divorce proceedings.

In March, 1965, the parties signed an agreement purporting to effect a reconciliation on the condition the husband execute a statutory warranty deed of his timberlands, making them community property. The agreement provided if the husband broke his promise to discontinue the use of intoxicating liquors and a divorce action was brought, the wife would receive full title to the timberlands as a property settlement.

Shortly after the agreement was signed, the husband started drinking again. On June 16, 1965, after the wife threatened to leave, the husband deeded all the timber property to her in an effort to have her remain.

The court set aside these documents on a number of theories. Some of the theories applied to all the documents, others to one in particular. The court found a failure of consideration, failure to abide by a condition court approval be obtained, and fraud. The wife does not contest the adequacy of any of these theories to support the trial court's action but only challenges their support in the record.

No purpose is served by discussing all the evidence in detail. Although there may not be direct evidence the wife engaged in specific adulterous acts with her paramour during the time the documents were executed, the evidence abundantly established that the relationship started prior to that time and continued thereafter. The conclusion of the trial court that the relationship was a continuous one was justified.

The findings of fact relating to the March and June, 1965, transactions are supported by substantial evidence in the record and must be accepted as verities by this court. Any one of the theories set out by the court would have been adequate to set the documents aside. They are all supported by substantial evidence.

■■ The wife's assignments of error to the findings regarding the conduct of the parties are not well taken. To the extent they may not set out all the evidence, the court

need only make ultimate findings of fact and need not cite detailed evidence. *Eickerman v. Eickerman,* 42 Wn.2d 165, 253 P.2d 962 (1953). Although all the statements of the court in its oral opinion were not adopted in the written findings, this does not constitute error. The oral opinion has no final or binding effect unless it is formally incorporated into the findings, conclusions and judgment. *Ferree v. Doric Co.,* 62 Wn.2d 561, 383 P.2d 900 (1963).

■ In many of her assignments of error the wife has simply concluded the trial court erred, unsupported by any legal authority. Assignments of error not supported by argument will not be considered. Where no authorities are cited in support of a proposition, the court will ordinarily not consider such assignments unless it is apparent, without further research, they are well taken. *DeHeer v. Seattle Post-Intelligencer,* 60 Wn.2d 122, 126, 372 P.2d 193 (1962). Many of the wife's assignments of error are not considered for these reasons.

■ On appeal our court must review the trial court's award of the property of the parties within certain guidelines already established and we will not interfere unless we are persuaded a manifest abuse of discretion has taken place. *Clark v. Clark,* 72 Wn.2d 487, 489, 433 P.2d 687 (1967).

Illustrative of the factors the trial court is expected to consider are the age, health and employment history of the parties; their education, training and business or occupational experience; the prospects of future earnings; the amounts, nature and origin of the property to be divided; and the total property possessed or likely to be possessed, or likely to be acquired by the parties. The question of fault is also a factor to be considered with all other factors. *Stacy v. Stacy,* 68 Wn.2d 573, 576, 414 P.2d 791 (1966).

The oral opinion of the trial court *indicated* it considered numerous factors in making an award of $22,500 alimony to the wife: the wife's fault; the fact the parties lived together only 2 years and 11 months when the divorce was not pending; the source of funds for the community was almost

entirely income from the husband's property acquired before marriage; there was no accumulation of community property from his earnings; and the husband provided generously for the wife's support during the time the wife was involved in an adulterous relationship.

The wife's financial condition is substantially improved when compared to her premarital position. She did not contribute in any sense to the financial success of her husband. The husband is a wealthy man. The wife, however, had nothing to do with the accumulation of the wealth. We cannot say there was an abuse of discretion.

■   Counsel assigns as error the court's refusal to allow the depositions of plaintiff and defendant into evidence as requested by plaintiff. The court did not directly rule against the request of the wife's counsel but requested him to point out portions that were material and stated the court would consider these portions and allow them to be admitted. His ruling was reserved and, inasmuch as counsel failed to bring the matter to the attention of the court again, any alleged error is waived. *Seattle v. Harclaon,* 56 Wn.2d 596, 354 P.2d 928 (1960).

There was testimony from which it could be inferred there was a $1200 arrearage in temporary support for the wife at the time of trial. The trial court did not specifically award this sum in addition to the alimony.

■   The trial court refused to sign a finding offered by the wife which would have found any temporary support owing at the time of the entry of the decree was collectible in addition to the alimony awarded. Assuming the sum was established as owing, which is questionable in this case, the presumption is that all the rights of the parties were determined in the divorce decree and it is further presumed the matter was taken into consideration by the court in the distribution of the property. *Schultz v. Christopher,* 65 Wash. 496, 501, 118 P. 629, 38 L.R.A. (n.s.) (1911). Counsel for the wife has cited no authority to the contrary.

The refusal to accept the proposed finding indicates the trial court considered the wife's contention and rejected it.

We cannot say this was an abuse of discretion in this case.

The wife claims she was denied a fair trial and states a mistrial should have been granted inasmuch as the trial court allowed one of defendant's counsel, not associated on this appeal, to call himself as the concluding witness when he participated as counsel in the trial at a time when he knew he would be a witness. The husband vigorously contends his counsel's conduct was proper. Counsel withdrew following his testimony and took no further part in the trial.

CR 12 and Canons of Professional Ethics, Canon 19, chart the lawyers' course in this delicate situation. These will not be discussed in detail as it is clear the trial court's action should not be reversed. The court stated it considered the issue upon which the attorney testified to be so conclusively proven as to render the testimony cumulative.

No objection was made to the testimony until well into cross-examination. No error can be based upon admission of evidence not objected to at the time it was admitted. *Seth v. Department of Labor & Indus.*, 21 Wn.2d 691, 152 P.2d 976 (1944). As between the parties, there was a waiver of any error that might have occurred. This waiver is limited to the parties and would not apply to a professional inquiry.

For this court to grant a new trial for breach of a professional canon, we must find, as a matter of law, the breach prevented a fair trial. *Ryan v. Ryan*, 48 Wn.2d 593, 600, 295 P.2d 1111 (1956). For the reasons stated we cannot so hold.

The wife assigns error to the trial court's finding directing her to sign the joint income tax return of the parties for 1968. This may not properly be a finding of fact. The court, however, had the power to direct the parties to do this act in the disposition of the property of the parties. RCW 26.08.110.

We have examined the record and find no error. The judgment of the trial court is affirmed.

HOROWITZ, A. C. J., and STAFFORD, J., concur.