[No. 591-1.    Division One—Panel 2.    October 12, 1971.]

JOHN P. HUZZY, *Appellant*, v. CULBERT CONSTRUCTION CO., INC., *et al.*, *Respondents*.

*Nelson & Lucas, Inc., P.S.* and *Richard C. Nelson,* for appellant.

*John Ranquet,* for respondent.

JAMES, J.—Defendant Culbert Construction Co., Inc., contracted to build a house for plaintiff, John P. Huzzy. Without prior notice or demand Huzzy unilaterally terminated the contract, employed another contractor to complete construction, and instituted this action for damages. Huzzy procured writs of garnishment and impounded Culbert's bank accounts.

Huzzy's complaint alleges that Culbert breached the contract and "is guilty of having abandoned [its] obligations under the contract, including abandoning further work or building at the site." He contends that Culbert breached the contract by its shoddy and defective workmanship and by causing delays which threatened the loss of a commitment for a favorable mortgage interest rate. Huzzy claims damages in an amount he alleges was required to remedy defects and to complete construction.

Culbert denies that it breached the contract. It asserts that the house was 90 to 95 per cent complete when Huzzy terminated the contract, and that any defects in construction were readily remediable. Culbert asserts that Huzzy caused or contributed to any delay.

Culbert cross-complained for the unpaid balance of the contract price, plus extras, and less a reasonable amount to cover the cost of finishing the house and remedying any

defects. Culbert also claimed damages for wrongful garnishment.

Concerning the claimed shoddy workmanship, the trial judge found that the defects were minor and that Culbert could have corrected them. Concerning the claimed delays, the trial judge found that to a substantial degree Huzzy caused them. Further, the trial judge found that Culbert had not abandoned the contract, but was summarily dismissed prior to an agreed extended completion date.

Based upon these findings of fact, the trial judge concluded that Culbert was not in default, but that Huzzy had breached the contract by his unilateral termination. The trial judge determined that Culbert should be given judgment against Huzzy in the amount of $1,537.24. This amount represents an award of $1,000 as damages for wrongful garnishment, plus the net amount due Culbert on the contract (after crediting the contract price plus extras), plus the state sales tax and less the amount it would have cost Culbert to remedy any defects and complete construction.

On appeal Huzzy asserts that the trial court erred in holding that notice allowing Culbert an opportunity to complete the job was a condition precedent to both the termination of the contract and the suit for damages. In his oral opinion the trial judge did indicate that he felt a notice of claimed defects and an opportunity to remedy them was a "condition precedent" to the bringing of the action.

A trial judge's oral opinion which is consistent with his formal findings of fact and conclusions of law may be used to interpret them. *Ferree v. Doric Co.*, 62 Wn.2d 561, 383 P.2d 900 (1963). But a finding or conclusion stated in either an oral or a memorandum decision has no binding effect unless it is incorporated in the formal findings or conclusions. *Wagner v. Wagner*, 1 Wn. App. 328, 461 P.2d 577 (1969). Therefore, assignments of error addressed to oral or memoranda opinions are improper. *Ferree v. Doric Co., supra.* The authorities cited by Huzzy to support the rule that an aggrieved party to a breached contract ordi-

narily need not give notice before bringing an action for damages, are therefore, not in point. Huzzy was not the aggrieved party and the judgment against him was not grounded upon his failure to give notice. The damages awarded Culbert were for Huzzy's breach of the contract by his unilateral termination.

Huzzy's assignments of error 4 through 17 are all addressed to the court's formal findings of fact. As an appellate court we neither re-try factual issues nor weigh conflicting evidence. *McGarvey v. Seattle*, 62 Wn.2d 524, 384 P.2d 127 (1963). We review the evidence only to ascertain whether or not the trial judge's findings are supported by substantial evidence. *Reynolds Metals Co. v. Electric Smith Constr. & Equip. Co.*, 4 Wn. App. 695, 483 P.2d 880 (1971). Our review of the record satisfies us that the trial judge's findings of fact are supported by substantial evidence.

The trial judge recognized that some of his formal findings of fact might more properly be denominated conclusions of law. His finding of fact 20 is: "The Findings of Fact herein which are deemed to be conclusions of law would be amended to read as such." Although the formal findings of fact do contain conclusions of law, we find that they are merely redundant and not inconsistent with the formal conclusions.

Huzzy assigns error to Culbert's recovering damages for wrongful garnishment. His argument is that since he was allowed setoffs in an amount in excess of the funds impounded by the garnishment writs, the garnishment should not be adjudged wrongful. The argument is without merit.

The extraordinary advantage afforded a creditor by the garnishment statutes is a harsh remedy. 6 Am. Jur. 2d *Attachment and Garnishment* § 7 (1963). Huzzy's right to impound Culbert's bank accounts before judgment was conditioned upon his sworn statement that Culbert was indebted to him and that the debt was just, due and unpaid. RCW 7.32.010 (now RCW 7.33.010). But to recover damages for wrongful garnishment, a defendant need not

prove that the plaintiff lacked probable cause, as is required in the case of an alleged wrongful attachment. *Taylor v. Wilbur*, 170 Wash. 265, 16 P.2d 457 (1932). A garnishment is wrongful if the plaintiff does not recover a judgment against the defendant. *Olsen v. National Grocery Co.*, 15 Wn.2d 164, 130 P.2d 78 (1942). And even though the primary action be dismissed *without* prejudice, the garnishment is nevertheless wrongful. *Maib v. Maryland Cas. Co.*, 17 Wn.2d 47, 135 P.2d 71 (1943). Therefore, the allowance of offsets does not cure the "wrongfulness" of Huzzy's garnishment. The significant considerations are that Culbert was not in default, that Huzzy breached the contract by his precipitous and unilateral termination, and that Huzzy failed to recover a judgment against Culbert.

Huzzy also complains that the damages awarded for wrongful garnishment were excessive. Culbert's evidence was that its credit was impaired and that it lost the opportunity to bid on three contracts.

██ A garnishment bond must be conditioned to insure that a plaintiff will "pay all damages and costs that may be adjudged against him for wrongfully suing out such garnishment." RCW 7.32.020 (now RCW 7.33.030). The general rule is that "the recoverable damages are only those which naturally flow from the result of the garnishment, and that unusual and speculative damages are not recoverable." *James v. Cannell*, 135 Wash. 80, 81, 237 P. 8 (1925). The trial judge found as a fact that:

The plaintiff wrongfully garnished the defendant. By reason thereof, the defendant was damaged in the amount of $1,000.00. The defendant, by reason of the garnishment, lost a week of work which was reasonably worth $375.00. Further, the defendant's bonding capacity was eliminated thereby preventing the defendant from bidding on a job of between $20,000 to $30,000 on which it anticipated a profit margin of 20 per cent. The defendant was further prevented from bidding on work reasonably worth $60,000 on which there was a profit margin of 20 per cent. The defendant was embarrassed with the banks involved in connection with the garnishments.

Finding of fact 17.

While uncertainty as to *fact* of damage is fatal to recovery, uncertainty as to *amount* will not result in a denial of recovery. *Sund v. Keating,* 43 Wn.2d 36, 259 P.2d 1113 (1953). Where, because of the nature of the damage suffered, precise measurement is not possible, the trial judge must exercise sound discretion. *Dunseath v. Hallauer,* 41 Wn.2d 895, 253 P.2d 408 (1953). The trial judge's findings as to both the fact and the amount of damages sustained by Culbert as a result of the wrongful garnishment are supported by substantial evidence.

Huzzy further asserts that the trial judge applied an erroneous measure of damages for the breach of the contract. The formula used is expressed in finding of fact 18, one of the findings which more properly should have been designated a conclusion of law.

> The defendant is entitled to recover the difference between the contract price plus extras less the amount it would have cost the defendant to complete the job. On any allowances or offsets as a credit to the plaintiff, the plaintiff should assume and pay those items and save the defendant harmless. The said items are listed in the next finding of fact and include but are not limited to the Thorp & Thompson bill, Exhibit 32, in the amount of $647.51 and Exhibit 38 for $375.00. By the same token, the defendant should assume and pay the Washington State sales tax and save the plaintiff harmless.

The finding reflects an accurate understanding of the proper rule of law. The rationale supporting the measure used by the trial judge is explained in Restatement of Contracts § 346(2), comment *g* at 578 (1932).

> In order to put the builder in as good a position as he would have been in had the contract been fully performed, it is necessary to give him the full contract price less the amount that he saves by reason of the other party's repudiation. The amount so saved is the cost of completion of the work; but this is less simple than it appears. It is the cost of completion by a reasonably prudent person in the builder's own position that is to be deducted from the contract price, and not the amount that it would cost the defendant or third parties. He may have made advantageous subcontracts that will reduce

his cost of completion; and they must be taken into consideration. If the builder has materials on hand as a result of his expenditure under the contract, the reasonable value of those materials is a part of the builder's cost of completion, so far as they would be used up in the process.

See West v. Jarvi, 44 Wn.2d 241, 266 P.2d 1040 (1954).

Finally, Huzzy argues that because one of Culbert's subcontractors, Kustom Plumbing, was wholly owned by the defendant Roderick Culbert, who was a principal in the defendant Culbert Construction Co., Inc., Culbert's "corporate veil" should have been pierced. Because the trial court's judgment was against Huzzy, the argument has no relevance.

The judgment of the trial court is affirmed.

FARRIS, A.C.J., and PEARSON, J., concur.