[No. 1421-2.    Division Two.    June 2, 1975.]

PIERCE COUNTY, *Plaintiff*, JAMES M. HEALY, SR., *et al*, *Appellants*, v. THURSTON COUNTY, *Respondent*.

*James M. Healy, Jr.*, and *Healy & Godderis*, for appellant.

*Patrick D. Sutherland, Prosecuting Attorney*, and *Thomas J. Taylor, Jr., Deputy*, for respondent.

PETRIE, J.—This action began when Pierce County filed a complaint, pursuant to the provisions of RCW 36.05, against Thurston County seeking to reestablish the common boundary between the two counties in the Southeast quarter of the Southwest quarter of Section 18, Township 16 North, Range 3 East of W.M. Three residents of Pierce County representing a majority of landowners in the affected territory were permitted to intervene as parties plaintiff. By judgment entered October 12, 1973, the court established the true and correct common boundary between the two counties in that area as "the mid-channel of the Nisqually River as the river existed in 1855 which is where the river is presently located." On April 23, 1974, the trial court denied a motion for new trial and/or reconsideration. Intervenors have appealed to this court. Pierce County has not appealed. We affirm the trial court.

By statute last reenacted in 1873, but based upon statutes

enacted as early as 1860, Thurston County's boundary in the area involved was established as "up mid-channel" of the Nisqually River. 1 Hill's Code § 31; Laws of 1873, p. 482, presently codified as RCW 36.04.340. Pierce County's boundary, codified as RCW 36.04.270, last reenacted in 1869, but based upon statutes enacted as early as 1855, is described as "following the main channel" of the Nisqually River.

At trial, plaintiff's and intervenors' joint contentions were (1) that in December 1946, a great flood caused a sudden or avulsive change in the course of the Nisqually River, and (2) other changes in the course of the river, not caused by avulsion, have created shifting of the common boundary between the counties through the years. Accordingly, they assert, the correct boundary between the two counties should be the bed of the river as it existed just prior to the flood of December 1946. We accept the second contention; we cannot accept the first. No error has been assigned to the trial court's finding:

> That the evidence admitted in this case does *not* disclose that there was a great flood or other circumstance in December, 1946 which caused a sudden or avulsive change in the course and location of the Nisqually River in the territory described hereinabove.

(Italics ours.)

■ That finding, accepted as a verity, destroys the efficacy of the intervenors' appeal. Intervenors seek to avoid its impact by asserting that it is totally inconsistent with the trial court's "findings" asserted from the bench while denying the motion for new trial. Assuming, but certainly not deciding, that the trial court made a subsequent statement inconsistent with the findings of fact signed and entered 6 months previously, *such subsequent statement cannot become a valid source of contradiction* of the findings duly entered. The subsequent statement can be utilized solely to interpret or better understand the formally executed findings. *Bank of Anacortes v. Cook*, 10 Wn. App. 391, 517 P.2d 633 (1974). Whatever a trial court may

assert in an oral or memorandum decision has no binding effect unless it is incorporated in its formal findings or conclusions. *Huzzy v. Culbert Constr. Co.,* 5 Wn. App. 581, 489 P.2d 749 (1971).

We interpret the trial court's judgment to mean that on October 12, 1973, the common boundary between Pierce and Thurston Counties in Section 18, Township 16 North, Range 3 East W.M. was the thread of the main channel of the Nisqually River as it then existed. That judgment is amply supported by the trial court's findings.

Notwithstanding the summary disposition we have made of this appeal, we deem it appropriate to publish this opinion because of the public notoriety which must be given to any decision which has an effect upon county boundaries. *See* RCW 36.05.070; *see also* Code reviser's explanatory note annexed to Laws of 1963, chapter 4, at page 237.

Judgment affirmed.

ARMSTRONG, C.J., and PEARSON, J., concur.

Petition for rehearing denied June 25, 1975.

Review denied by Supreme Court November 5, 1975.