[No. 1166-3.    Division Three.    October 1, 1975.]

RUSKIN FISHER & ASSOCIATES, INC., *Appellant*, v. MT. SPOKANE CHAIR LIFT, INC., *Respondent*.

*Randall L. St. Mary*, and *Kafer, Wilson & Good*, for appellant.

*Martin G. Weber* and *Lukins, Annis & Bastine, P.S.*, for respondent.

MUNSON, J.—This action was commenced by Ruskin Fisher & Associates, Inc., plaintiff, to recover for breach of a contract to perform engineering services for Mt. Spokane Chair Lift, Inc., defendant. After entry of judgment for the defendant, plaintiff appeals, contending the findings of fact

as entered are inconsistent and unsupportive of the judgment. We agree.

In a written memorandum decision the trial court stated:

It is my conclusion that the evidence establishes the plaintiff is entitled to recover the amount of the contract less the cost of the final work that was to be done by Walker & Associates, not to exceed the amount of $2400.00 prayed for. There is a lack of evidence to show the amount of Walker & Associate's [*sic*] charges to plaintiff for the performance of its part of plaintiff's contract. While the testimony of plaintiff's witnesses showed that the work done by plaintiff was of the reasonable value of $2400.00, plaintiff would not be entitled to recover that amount if it exceeded the balance of the contract price after deducting the Walker & Associate's [*sic*] charges. In other words, if charges of Walker & Associates exceeded the amount of $1200.00, plaintiff would only be entitled to recover the balance of the contract price.

*The plaintiff will be granted judgment against the defendant* for the balance of the contract price, not to exceed $2400.00.

Counsel for the respective parties may present, either in person or by written submission, at the time the Findings are settled, their views as to the ascertainment of the amount of Walker & Associates' charges under the contract.

(Italics ours.)

On April 26, 1974, the court signed findings of fact and conclusions of law as submitted by the defendant and awarded judgment to the defendant. The court's final conclusions of law stated in a handwritten interlineation: "The Memorandum Decision is adopted as part of the Findings of Fact and Conclusions of Law."

Finding of fact No. 6 states:

On February 4, 1971, Defendant, Mt. Spokane Chair Lift, Inc., caused to be paid to Walker & Associates the sum of Six Hundred Five Dollars ($605.00) for aerial photography performed by Walker & Associates for Mt. Spokane Chair Lift upon the lands which are the subject of the contract in question.

The court further found that the costs borne by the defendant in obtaining the services originally contracted for by the plaintiff were $870.23 more than the amount of the original contract.

The difficulty thus presented is that the memorandum decision, now incorporated in the findings of fact and conclusions of law, finds in favor of the plaintiff unless the costs of Walker & Associates exceed $1,200; the findings of fact entered specifically find that the costs incurred for the services of Walker & Associates amounted to only $605, but concludes by awarding judgment to the defendant. This is inconsistent.

■ The general rule is that a written memorandum decision cannot be used to impeach the findings of fact. *Pierce County v. Thurston County*, 13 Wn. App. 602, 536 P.2d 3 (1975). However, where the memorandum decision is expressly incorporated into the formal findings of fact and conclusions of law, that memorandum decision must be consistent with the other findings of fact, conclusions of law, and the judgment. *Ferree v. Doric Co.*, 62 Wn.2d 561, 383 P.2d 900 (1963); *Huzzy v. Culbert Constr. Co.*, 5 Wn. App. 581, 489 P.2d 749 (1971); *Wagner v. Wagner*, 1 Wn. App. 328, 461 P.2d 577 (1969). The inconsistency resulting from the incorporation of this memorandum decision with the other findings of fact prevents this court from concluding which facts the court actually found. Until those findings can be clarified, we are unable to say that substantial evidence exists to support them.

We note that following entry of the memorandum opinion there existed exhibits Nos. 9-14 upon which admission had been reserved. The present status of the record reflects that these exhibits were not admitted. However, the court in its finding of fact No. 9 expressly referred to exhibits Nos. 9-14 and ostensibly gave credence to them. In light of our holding based upon the inconsistency of the findings entered, we do not address ourselves to the assignment of error relating to the admissibility of those exhibits.

This case is remanded for reconsideration of the findings

of fact and conclusions of law by the trial judge, who, though now retired, may perform as a judge pro tempore pursuant to RCW 2.08.180. If this procedure is not agreed to by counsel, a new trial is ordered. The awarding of costs shall abide the final result of the further proceedings.

McINTURFF, C.J., and GREEN, J., concur.