IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 77397-6-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| JONATHAN EDWARD DAVID BROWN, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: March 4, 2019 |

SMITH, J. — Jonathan Brown appeals his convictions for child molestation in the second degree and incest in the second degree based on sexual contact with his son J.B. He argues that the trial court abused its discretion by denying his motion for a mistrial because that decision was based on a mistaken recollection of J.B.'s testimony at trial. He also argues that his trial counsel was ineffective for failing to notice and object to the mistake. Finally, he contends that the prosecutor committed reversible misconduct during closing argument by referring to J.B. as a victim. But the trial court's mistaken recollection of J.B.'s testimony was immaterial to its conclusion that a mistrial was not necessary, trial counsel's failure to object to the mistake did not prejudice Brown, and Brown waived any claim of prosecutorial misconduct by not objecting to the prosecutor's remark. Therefore, we affirm.

## FACTS

In January 2016, J.B. told his mother and two family friends that Brown had engaged in physical sexual contact with him several years before. J.B.

alleged that Brown called him into a back bedroom, locked the door, offered J.B. drugs, and played pornography on the television. Brown then asked J.B. to give Brown a "hand job" in return for a "hand job," and J.B. complied. The family friends notified the police.

Because J.B. was not sure whether he was 13 or 14 years old at the time of the incident, the State charged Brown with child molestation in the second degree and child molestation in the third degree. Brown was also charged with incest in the second degree.

Before trial, Brown moved in limine to exclude any testimony about other uncharged inappropriate behavior by Brown toward J.B. that occurred subsequent to the charged conduct. The State objected, arguing that those other acts were relevant to show Brown's lustful disposition toward J.B. The State made an offer of proof that J.B. would testify that on several occasions, Brown called J.B. to the bedroom, gave him drugs or alcohol, had pornography playing, was naked, masturbated, and tried to get J.B. to have sexual conduct with him again. The trial court held that the testimony was admissible because it went "to the defendant's state of mind and lustful disposition and/or grooming."

After J.B. testified at trial, Brown moved for a mistrial, arguing that the testimony given about Brown's subsequent misconduct differed from the State's offer of proof. Specifically, although the State indicated in its offer of proof that J.B. would testify that Brown masturbated during the subsequent incidents and tried to get J.B. to have sexual contact with him again, J.B. did not address masturbation and he testified that Brown never directly requested that J.B. touch

him again. The trial court reserved ruling on the mistrial until after the verdict. A jury found Smith guilty of child molestation in the second degree and incest in the second degree.

Brown and the State then submitted additional briefing on Brown's motion for a mistrial. The trial court denied the motion and concluded in its written findings of fact and conclusions of law that the testimony was properly admitted to show motive, opportunity, common scheme or plan, sexual desire of J.B. by Brown, and lustful disposition. Brown appeals.

## DENIAL OF MOTION FOR A MISTRIAL

Brown argues that the trial court erred by denying his motion for a mistrial and concluding that J.B.'s testimony about the subsequent incidents was admissible. Specifically, Brown argues that the trial court abused its discretion because its decision was based on a mischaracterization of J.B.'s actual testimony. We disagree.

"We review a trial court's decisions as to the admissibility of evidence under an abuse of discretion standard." State v. Pirtle, 127 Wn.2d 628, 648, 904 P.2d 245 (1995). We also review a trial court's denial of a mistrial for abuse of discretion. State v. Emery, 174 Wn.2d 741, 765, 278 P.3d 653 (2012). "There is an abuse of discretion when the trial court's decision is manifestly unreasonable or based upon untenable grounds or reasons." State v. Brown, 132 Wn.2d 529, 572, 940 P.2d 546 (1997).

Although "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith," it

may be admissible for some other proper purpose. ER 404(b). For evidence of other bad acts to be admissible, the trial court must find by a preponderance of the evidence that the misconduct occurred, identify the purpose for which the evidence is to be introduced, determine whether the evidence is relevant to an element of the crime charged, and weigh the probative value against the prejudicial effect. State v. Gunderson, 181 Wn.2d 916, 923, 337 P.3d 1090 (2014).

Washington courts have "consistently recognized that evidence of collateral sexual misconduct may be admitted under ER 404(b) when it shows the defendant's lustful disposition directed toward the [victim]." State v. Ray, 116 Wn.2d 531, 547, 806 P.2d 1220 (1991). This is because a lustful disposition toward the victim makes it more probable that the defendant committed the crime charged. Ray, 116 Wn.2d at 547. Even where the uncharged sexual misconduct is not identical to the charged sexual offense, it is no less admissible to show lustful disposition; indecent or otherwise improper conduct is equally significant. State v. Thorne, 43 Wn.2d 47, 60-61, 260 P.2d 331 (1953) (citing 2 JOHN HENRY WIGMORE, A TREATISE ON THE ANGLO-AMERICAN SYSTEM OF EVIDENCE IN TRIALS AT COMMON LAW § 399, at 367 (3d Ed. 1940)).

Here, the prosecutor made the following offer of proof as to J.B.'s proffered testimony about the encounters with Brown that occurred after the sexual contact charged in this case:

> Subsequent to that a number of times . . . the son, victim, is called down to the bedroom, given drugs. He said cocaine approximately four or five times, blow or crack -- or I think crack is

4

what he called it -- four or five times and then -- and/or alcohol and Percocet with a muscle relaxer.

In those subsequent times, he was also -- his father would have pornography playing, his father would be naked and would be masturbating and try to get the victim to again do -- have sexual contact with him.

J.B.'s testimony differed from the State's offer of proof in two ways. First, J.B. did not testify that Brown subsequently requested sexual contact with him. This difference was brought to the court's attention during oral argument on Brown's motion for a mistrial. Second, J.B. did not testify that Brown was masturbating during the later encounters. This difference was not brought to the trial court's attention, and in the court's oral ruling, it incorrectly described J.B.'s testimony as including evidence of masturbation. But the court did not include this evidence in its written ruling, where it found that J.B. had testified as follows:

he was brought down to the bedroom by the defendant, he was given drugs, there was pornography playing, his father was almost always naked, and that there were conversations regarding sexual touching, but it was never specifically requested.

Based on this finding, the trial court concluded that the evidence was properly admitted to "show motive, opportunity, common scheme or plan, sexual desire of the victim by the defendant, and lustful disposition."

Brown argues that the trial court's denial of a mistrial was based on untenable grounds because in making its decision, the trial court was not aware that J.B. failed to testify that Brown masturbated during these subsequent incidents. But because that testimony was not material to the trial court's ruling, Brown is incorrect.

5

J.B. testified that after their initial sexual encounter, Brown took J.B. to a back bedroom, where he gave J.B. drugs, played pornography, sat naked on the bed, and had conversations with J.B. about sexual touching. Although these situations were different from the charged offense in that no sexual touching occurred or was requested, they are still admissible as evidence of lustful disposition—even without evidence that Brown masturbated during the encounters—because they are indecent acts that evidence a lustful disposition toward J.B. The absence of testimony on masturbation is immaterial because to show lustful disposition, the State was not required to show that Brown's subsequent encounters were identical to the charged offense. See Thorne, 43 Wn.2d at 60-61 (conduct admitted as evidence of lustful disposition need not be identical to the charged conduct). And because J.B.'s testimony was properly admitted even without any testimony regarding masturbation, the trial court did not abuse its discretion by denying Brown's motion for a mistrial.

Furthermore, the trial court's misconception about J.B.'s testimony was reflected in its oral ruling but not in its written ruling, and findings stated in an oral decision have no binding effect unless they are adopted and incorporated in the formal written findings or conclusions. Huzzy v. Culbert Constr. Co., 5 Wn. App. 581, 583, 489 P.2d 749 (1971). Therefore, the trial court's oral finding that masturbation was part of J.B.'s testimony about the subsequent encounters does not require reversal because it was not adopted in the court's written findings.

Brown also requests that this court remand the case to the trial court for reconsideration of its decision because there was no evidence of masturbation.

But as discussed, the trial court properly exercised its discretion in denying a mistrial, even without any testimony on masturbation. Therefore, remand is not warranted.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Brown argues that defense counsel was ineffective for failing to correct the trial court's mistaken belief that J.B. testified that Brown masturbated during the subsequent encounters. We disagree.

To prevail on a claim of ineffective assistance of counsel, a defendant must show that his counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced him. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); State v. McFarland, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995). To establish prejudice, a defendant must show that there is a reasonable probability that the result of the trial would have been different absent the challenged conduct. Strickland, 466 U.S. at 694. Even assuming defense counsel was deficient in failing to correct the trial court's mischaracterization of J.B.'s testimony, Brown fails on the prejudice prong.

As explained above, J.B.'s testimony was properly admitted as evidence of Brown's lustful disposition toward him, and the fact that Brown did not masturbate during those subsequent interactions was not material to the court's decision to deny a mistrial. Therefore, Brown was not prejudiced by his counsel's failure to correct the trial court's mischaracterization of the evidence, and his ineffective assistance claim fails.

PROSECUTORIAL MISCONDUCT

Brown argues that the prosecutor committed reversible misconduct during closing argument by telling the jury that the jury instructions referred to J.B. by his initials because Washington law requires child sex victims to be referred to only by their initials. We disagree.

"To prevail on a claim of prosecutorial misconduct, the defendant must establish 'that the prosecutor's conduct was both improper and prejudicial in the context of the entire record and the circumstances at trial.'" State v. Thorgerson, 172 Wn.2d 438, 442, 258 P.3d 43 (2011) (internal quotation marks omitted) (quoting State v. Magers, 164 Wn.2d 174, 191, 189 P.3d 126 (2008)). If the defendant did not object, he is deemed to have waived any error, unless the prosecutor's misconduct was so flagrant and ill-intentioned that an instruction could not have cured the resulting prejudice. Emery, 174 Wn.2d at 760-61. "Under this heightened standard, the defendant must show that (1) 'no curative instruction would have obviated any prejudicial effect on the jury' and (2) the misconduct resulted in prejudice that 'had a substantial likelihood of affecting the jury verdict.'" Emery, 174 Wn.2d at 761 (quoting Thorgerson, 172 Wn.2d at 455).

Here, when reading the instructions to the jury, the trial court explained why the instructions referred to J.B. by his initials, stating "these are publically-filed [sic] documents, that's why we're using initials." During closing argument, the prosecutor again tried to explain to the jury why the jury instructions referred to J.B. by his initials. He explained, as the trial court indicated before, "for

purposes of jury instructions since these are filed in open court, we need to use initials for minor victims and minor sex victims." Defense counsel did not object.

Brown argues that the prosecutor's reference to J.B. as a minor "victim" and minor sex "victim" was improper because it alluded to Washington law that was outside of the record. But even assuming the prosecutor's remark was improper, Brown waived any error by not objecting to it. If defense counsel had objected, any prejudice could have been cured by an instruction to the jury to disregard the prosecutor's remark.

Brown also argues that the prosecutor's comment was particularly prejudicial here because there was little direct evidence that Brown committed the crimes of which the jury ultimately convicted him. He contends that a curative instruction would not have cured the resulting prejudice because it unfairly reinforced the evidence by informing the jury that J.B. was legally designated a crime victim. Because any prejudice was curable by an instruction to the jury, had defense counsel objected, Brown's argument fails.

We affirm.

WE CONCUR:

9