**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

COZUMEL LEASING, LLC, a Delaware
limited liability company,

               Plaintiff-Appellant,

    v.

INTERNATIONAL JETS, INC., a
Washington corporation; DAVID
KILCUP, an individual; ALDEN ANDRE,
an individual; AIRCRAFT SOLUTIONS,
LLC, a Washington limited liability
company,

               Defendants-Appellees.

No.   18-35539

D.C. No. 3:16-cv-05089-RJB

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted July 8, 2020[**]
Seattle, Washington

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before:  FERNANDEZ and NGUYEN, Circuit Judges, and BOLTON,[***] District Judge.

Cozumel Leasing, LLC ("Cozumel") appeals from the district court's judgment after a jury verdict in favor of International Jets, Inc. ("IJI") and Aircraft Solutions, LLC ("ACS"), and previous dismissals of David Kilcup and Alden Andre as defendants in this case.  Cozumel claimed that IJI sold it an unairworthy aircraft after ACS negligently inspected and repaired the aircraft.  We affirm.

(1) Cozumel's claims of fraud, fraudulent inducement,[1] and negligent misrepresentation against IJI, Kilcup, and Andre were based upon their alleged statements that the ACS inspection of the aircraft would be adequate.  The district court did not err in granting summary judgment on those claims because Cozumel did not present evidence[2] that raised a triable issue about a misrepresentation of an

---

[***]     The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

[1]Washington treats fraud and fraudulent inducement claims the same.  *See Elcon Constr., Inc. v. E. Wash. Univ.*, 273 P.3d 965, 970 (Wash. 2012).

[2]We limit our consideration to evidence that was before the district court at the time of summary judgment.  *See Lippi v. City Bank*, 955 F.2d 599, 604 (9th Cir. 1992); *cf. Hornish v. King County*, 899 F.3d 680, 702–03 (9th Cir. 2018), *cert. denied sub nom. Kaseburg v. Port of Seattle*, __ U.S. __, 139 S. Ct. 1546, 203 L. Ed. 2d 712 (2019).

existing fact (as opposed to promises of future performance)[3] or justifiable reliance[4] in light of Cozumel's experience with aircraft inspections.[5] As to Andre's later statement that the inspection had been adequate, the evidence did not indicate that was made negligently.[6]

Summary judgment was also proper on the Washington Consumer Protection Act[7] claim because Cozumel did not submit sufficient evidence to satisfy the elements necessary to demonstrate liability under that Act.[8] Nor could the claim survive summary judgment based only upon mere speculation that the acts could deceive a substantial portion of the public. *See Micro Enhancement Int'l*, 40 P.3d at 1220.

(2) The district court did not abuse its discretion in denying Cozumel leave

---

[3] *See Adams v. King County*, 192 P.3d 891, 902 (Wash. 2008); *Micro Enhancement Int'l, Inc. v. Coopers & Lybrand, LLP*, 40 P.3d 1206, 1219 (Wash. Ct. App. 2002).

[4] *Ross v. Kirner*, 172 P.3d 701, 704 (Wash. 2007) (per curiam); *Murphy v. Lint (In re Estate of Lint)*, 957 P.2d 755, 763 n.4 (Wash. 1998).

[5] *Cf. Holland Furnace Co. v. Korth*, 262 P.2d 772, 774–75 (Wash. 1953).

[6] We note that the jury ultimately determined that Cozumel did not prove that IJI breached its contract with Cozumel or that ACS was negligent.

[7] Wash. Rev. Code §§ 19.86.010–19.86.920.

[8] *See Trujillo v. Nw. Tr. Servs., Inc.*, 355 P.3d 1100, 1107–08 (Wash. 2015); *Behnke v. Ahrens*, 294 P.3d 729, 735–36 (Wash. Ct. App. 2012); *cf. Zuver v. Airtouch Commc'ns, Inc.*, 103 P.3d 753, 760 (Wash. 2004).

to amend its complaint just weeks before trial and two months after discovering the falsity of a claimed misrepresentation. *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). Moreover, the proposed amendment was futile because the claims based upon it failed for the same reasons that those at summary judgment failed. *See Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017).

(3) The district court properly granted judgment as a matter of law in favor of Kilcup on Cozumel's warranty claims;[9] in favor of ACS on Cozumel's negligent misrepresentation claim;[10] and on Cozumel's claims that IJI breached the airworthiness warranties.[11] *See* Fed. R. Civ. P. 50(a)(1)(B).

(4) We have carefully reviewed Cozumel's various evidentiary claims and

---

[9]*See Tex Enters., Inc. v. Brockway Standard, Inc.*, 66 P.3d 625, 628–29 (Wash. 2003); *see also* Wash. Rev. Code §§ 62A.2-314(1), 62A.2-315. Cozumel's request to pierce the corporate veil for its express warranty claim is otiose because IJI was not found liable. *See Huzzy v. Culbert Constr. Co.*, 489 P.2d 749, 753 (Wash. Ct. App. 1971).

[10]It rested on mere hearsay by a person who was not an agent or employee. *See* Fed. R. Evid. 801(c); *cf. id.* at 801(d)(2)(D).

[11]Even if the district court erred in granting judgment as a matter of law on the warranty claims against IJI, any such error was harmless in light of the jury's verdict on the overlapping contract claim.

have determined that the district court did not abuse its discretion[12] in issuing its evidentiary rulings. Those include: excluding hearsay statements testified to by Dr. David Fallang; statements made regarding negotiations;[13] and certain damages testimony.[14] They also include the admission of Exhibit C-17 at trial. *See Rogers v. Raymark Indus., Inc.*, 922 F.2d 1426, 1432 n.2 (9th Cir. 1991).

(5) The district court did not err in its formulations of four jury instructions.[15] First, reversal is not warranted based on the mitigation instruction because the jury never reached the issue of damages and thus did not consider mitigation. *See Cheffins v. Stewart*, 825 F.3d 588, 596 (9th Cir. 2016).

Second, because the pilot's role in determining airworthiness is not a part of the definition of airworthiness, Cozumel has not shown that the parties defined airworthiness differently from the court's instruction. *Cf. Berg v. Hudesman*, 801

---

[12]*See Pyramid Techs., Inc. v. Hartford Cas. Ins. Co.*, 752 F.3d 807, 813 (9th Cir. 2014); *Boyd v. City & County of San Francisco*, 576 F.3d 938, 943 (9th Cir. 2009).

[13]*See* Fed. R. Evid. 408(a).

[14]*See* Fed. R. Evid. 401, 701; *see also* Fed. R. Civ. P. 37(c)(1). We also note that any error would be harmless because the jury found against Cozumel on the merits and thus did not reach the issue of damages. *See Microsoft Corp. v. Motorola, Inc.*, 795 F.3d 1024, 1052 (9th Cir. 2015).

[15]We review for abuse of discretion. *See Hung Lam v. City of San Jose*, 869 F.3d 1077, 1085 (9th Cir. 2017).

P.2d 222, 230 (Wash. 1990).

Third, reversal is not warranted based on the warranty disclaimers instruction because under the circumstances it is highly improbable that the jury would have found that the delivery of an unairworthy aircraft was not a breach of the contract. *Cf. Middleton v. McNeil*, 541 U.S. 433, 438, 124 S. Ct. 1830, 1833, 158 L. Ed. 2d 701 (2004) (per curiam). Moreover, the evidence at trial was that Cozumel purchased the aircraft "primarily for personal or family use." The jury was instructed that general disclaimers of warranties were ineffective in that situation.

Fourth, because Cozumel has not shown that ACS had a duty to perform a pre-purchase inspection, the district court did not abuse its discretion in declining to add "pre-purchase inspection" to the negligence instruction.

**AFFIRMED**.