**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000507
30-JUN-2022
07:45 AM
Dkt. 46 SO**

NO. CAAP-21-0000507

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee, v.
KALAHEO ENOKA RAY SAUCEDA, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
(WAILUKU DIVISION)
(CASE NO. 2DTC-21-601271)


SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and Nakasone, JJ.)

Defendant-Appellant Kalaheo Enoka Ray Sauceda (**Sauceda**) appeals from the Amended Judgment and Notice of Entry of Judgment filed on September 9, 2021 (**Judgment**), in the District Court of the Second Circuit (**District Court**).[1/]  After a bench trial, Sauceda was convicted of Excessive Speeding, in violation of Hawaii Revised Statutes (**HRS**) § 291C-105(a)(1) (2020).[2/]

---

[1/]    The Honorable Kirstin M. Hamman presided.

[2/]    HRS § 291C-105(a)(1) states:

> **§ 291C-105  Excessive speeding.**  (a)  No person shall drive a motor vehicle at a speed exceeding:
>
> (continued...)

Saucedo raises a single point of error on appeal, contending that there was no substantial evidence to support his conviction because Plaintiff-Appellee State of Hawaiʻi (**the State**) failed to lay the requisite foundation for the admission of the laser gun speed reading.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Sauceda's point of error as follows:

Sauceda contends that the District Court abused its discretion in admitting the testimony of Maui Police Department Officer Stephen Kelley (**Officer Kelley**) regarding the subject speed reading because the State failed to lay sufficient foundation for the testimony. However, as the State argues, the trial transcript shows no objection or motion to strike based on lack of foundation at the time that Officer Kelley testified about the speed readout for Saucedo's vehicle. It was not until trial resumed, almost two months later, that Sauceda raised lack of foundation and moved to strike the speed readout. The State argued that the objection and motion to strike were very untimely. The District Court overruled Sauceda's objection and denied the motion to strike.

---

[2/](...continued)

      (1)   The applicable state or county speed limit by thirty miles per hour or more[.]

In <u>Lee v. Elbaum</u>, 77 Hawaiʻi 446, 449, 887 P.2d 656, 659 (App. 1993), this court held: "In order for an objection or motion to strike to be 'timely' for purposes of Hawaiʻi Rules of Evidence (**HRE**) 103(a), the objection to evidence must be made when offered or when the grounds for objection become apparent, or they are deemed waived on appeal." (Bolding added). The court explained:

> [HRE] 103(a) expressly provides that:
>
>> Error may not be predicated upon a ruling which admits
>> . . . evidence unless a substantial right of the party
>> is affected, and:
>>
>> (1) Objection: In case the ruling is one admitting
>> evidence, a timely objection or motion to strike
>> appears of record, stating the specific ground of
>> objection, if the ground was not apparent from the
>> context[.]
>
> HRE 103(a)(1) is identical to Federal Rules of Evidence
> (FRE) 103(a)(1). HRE 103 Commentary. In discussing the
> federal rule, Professors Wright and Graham state:
>
>> Rule 103(a)(1) requires that an objection be "timely."
>> The sanction for failure to make a timely objection is
>> the familiar sanction of nullity: that is, the
>> untimely objection will be deemed to be no objection
>> at all for purposes of review[.]
>>
>> . . . .
>>
>> In administering the requirement that an objection be
>> timely, the courts must consider both fairness and
>> efficiency. The objector ought not to be held to an
>> impossible standard such as requiring an objection
>> before the ground becomes apparent to him. The
>> opponent is entitled to have the objection raised at a
>> time that permits him to best obviate the objection.
>> Considerations of efficiency suggest that the
>> objection should be made before time has been wasted
>> introducing the evidence and while the court has some
>> means of effectuating the objection that is more
>> effective than ordering the jury to disregard the
>> evidence. In each case, the court must balance these
>> factors in arriving at a conclusion as to when the
>> objection is timely made.

A good rule of thumb is found in Wigmore's Code:

> **An objection must be made as soon as the ground of it is known, or could reasonably have been known to the objector,** *unless* **some special reason makes its postponement desirable for him and not unfair to the officer**. . . .
>
> **This is usually taken to mean that objections to testimony must be made after the question but before the answer**.
>
> . . . .
>
> Of course, the motion to strike must also be timely. It should be made as soon as the ground for objection becomes apparent. **The trial judge has discretion to entertain an untimely motion to strike, but if he refuses to do so, the objector cannot raise the point on appeal.**

21 C. Wright and K. Graham, <u>Federal Practice and Procedure: Evidence</u> § 5037 at 187-90 (1977) (footnotes omitted).

The Hawaiʻi Supreme Court has not had occasion to determine what constitutes a "timely" objection or motion to strike for HRE 103 purposes. However, other courts have generally held that objections to evidence must be made when offered or when the grounds for objection become apparent, or they are deemed waived on appeal.

In <u>Wagner v. Wagner</u>, 1 Wash. App. 328, 461 P.2d 577 (1969), for example, the Washington Court of Appeals held that **where allegedly improper testimony was not objected to until well into cross-examination, any error that may have occurred was waived**. 1 Wash. App. at 333, 461 P.2d at 580. <u>See</u> <u>also</u> <u>Blue Cross of Western New York v. Bukulmez</u>, 736 P.2d 834, 838 (Colo. 1987), <u>Attorney Gen. of State v. New Mexico Pub. Serv. Comm'n</u>, 101 N.M. 549, 552-53, 685 P.2d 957, 960-61 (1984), <u>Belmont Indus., Inc. v. Bethlehem Steel Corp.</u>, 512 F.2d 434, 437 (3d Cir. 1975).

<u>Id.</u> at 452-53, 887 P.2d at 662-63 (Emphasis added).

Here, Sauceda objected to admission of the speed reading from the laser device almost two months after the evidence was admitted, at the end of Officer Kelley's cross-examination, well after it was offered or an objection for lack foundation should have been apparent. The District Court

rejected Sauceda's untimely objection and motion to strike. The objection is waived on appeal.

Sauceda raises no other points of error. Given the speed reading, when the evidence adduced in the trial court is considered in the strongest light for the prosecution, State v. Matavale, 115 Hawaiʻi 149, 157-58, 166 P.3d 322, 330-31 (2007), there was substantial evidence to support Sauceda's conviction for Excessive Speeding.

Accordingly, the District Court's September 9, 2021 Judgment is affirmed.

DATED: Honolulu, Hawaiʻi, June 30, 2022.

On the briefs:

Christina E. Gergis,
Deputy Public Defender,
for Defendant-Appellant.

Renee Ishikawa Delizo,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Karen T. Nakasone
Associate Judge