[No. 1369-3.    Division Three.    February 23, 1976.]

*In the Matter of the Marriage of* EVERETT G. MCKINNEY, *Respondent, and* EUNICE I. MCKINNEY, *Appellant.*

*Quackenbush, Dean, Bailey & Henderson* and *Jack R. Dean,* for appellant.

*Woods, Riherd & Reed* and *John A. Riherd,* for respondent.

MUNSON, J.—Eunice McKinney appeals from a property award and a decree of distribution contending the trial court: (1) abused its discretion in making distribution of property and (2) in failing to award her maintenance until further order of the court.

The parties had been married for 29 years; their children were emancipated; the wife was 51 years of age and the husband 52 years of age at the time of trial. The husband had been a railroad conductor for over 25 years and earned a net income of $14,000 annually. The wife had not been employed for approximately 10 years as of the time of trial. She had been in ill health in recent years, but her physi-

cian testified that employment might be beneficial to her physical, mental, and emotional well-being.

The parties had agreed to the distribution of certain property; the court distributed the remainder of their property, except retirement benefits, as follows:

| Husband | |
|---|---|
| Rental Residence | $14,300.00 |
| Equity in Camper | 200.00 |
| Boat, Motor, Trailer | 700.00 |
| Union Pacific Railroad Stock | 850.00 |
| **Wife** | |
| Equity in Home | 14,226.00 |
| Household Furnishings | 1,500.00 |
| Automobile | 1,345.00 |

Additionally, the court required the husband to pay the community debts and the wife's attorney fees, a total obligation of approximately $5,000. The wife was also awarded $200 per month maintenance for a period of 3 years.

The principal issue on appeal concerns the retirement benefit awarded to the husband; the findings of fact and conclusions of law do not award the wife a portion of that retirement benefit when it becomes payable, or in the alternative, any amount of money as her share of the community interest in the retirement benefit. At the time of trial the husband, upon reaching age 62, would be eligible to receive $358 per month for the remainder of his life as retirement benefit from the railroad. On the other hand, if he died before reaching age 62, he would not be entitled to any benefit. The wife introduced actuarial testimony that to purchase an annuity paying such benefits would cost $35,263.17. There was also testimony that the wife, as a result of her earlier employment, would be eligible to receive social security benefits of $75 per month at age 62, or if she deferred application until she was 65, $90 per month. There is no actuarial evidence of the value of that benefit.

The trial court in its oral decision was aware that each of the parties possessed potential retirement benefits:

Under any circumstances, if that annuity wasn't there, there would have to be some short term alimony and it

would seem to me even if she is working now, as I recall, the doctor thought she should go to work about the first of October—I think it is my duty bearing in mind the retirement picture of the parties, to try and equalize that in light of the length of the marriage by extending alimony over a longer period than I would have otherwise done.

That aspect of his oral decision was not incorporated in the findings:

That Petitioner [husband] is employed with the Union Pacific Railroad as a conductor from which his present net take-home pay is approximately $14,000.00 per year. The Respondent is not presently employed and has not worked for several years. While she did undergo surgery in 1974, her doctor indicates that Respondent-wife has recovered sufficiently to return to work and that he believes it would be best for her if she did return to some form of employment. Respondent testified and the Court finds that she is capable of earning approximately $1,000.00 per month, but that it may take a period of time for her to find that kind of a position and to otherwise get herself in a position to fully support herself. The Court finds that Respondent will need a sum of $200.00 per month as an aid to her support over the next three (3) years, and the Petitioner is able to make such a contribution for the Respondent's support for that period of time.

There is no allocation of the community's interest in the railroad retirement benefit as an award to the wife. That she has an interest in such benefits is now beyond question. *Wilder v. Wilder*, 85 Wn.2d 364, 534 P.2d 1355 (1975); *DeRevere v. DeRevere*, 5 Wn. App. 741, 491 P.2d 249 (1971). Both parties apparently understand the findings to convey the court's intent to award some portion of the husband's retirement benefits to the wife as part of the maintenance award of $200 per month for 3 years; however, such an intent is not evidenced in the findings. An oral opinion or memorandum decision may be used to interpret a finding if no statement is made on the subject or the findings are ambiguous or vague; however, statements made in an oral decision have no binding effect unless they

are expressly incorporated within the formal findings of fact, conclusions of law, and judgment. *Pierce County v. Thurston County*, 13 Wn. App. 602, 536 P.2d 3 (1975); *Huzzy v. Culbert Constr. Co.*, 5 Wn. App. 581, 489 P.2d 749 (1971); *Wagner v. Wagner*, 1 Wn. App. 328, 461 P. 2d 577 (1969).

The court's findings note the existence of the husband's retirement benefits and the wife's social security benefits, but provide no distribution of the railroad pension other than in its conclusions of law, wherein it awards the husband the entire railroad retirement benefit, free of any lien or claim by the wife. The findings and conclusions control. There being no allocation of value of the husband's retirement benefit to the wife, we find that the court abused its discretion in its distribution of the property.

The wife also contends that the court abused its discretion in failing to award her maintenance until further order of the court. This assignment is not well taken in view of the evidence before this court.

The wife further complains that there was temporary support due and owing at the time of trial, at least in an amount admitted by the husband and his counsel, upon which the court failed to make a finding and award judgment to her. This assignment appears to be well taken and should be reconsidered by the trial court upon remand.

Finding the trial court abused its discretion in failing to award the wife some interest in the retirement benefit either by the method set forth in *DeRevere v. DeRevere, supra*, or some other computation, the judgment is reversed and the matter remanded to the trial court for reconsideration of the property distribution in keeping with this opinion and whether the appellant should be entitled to the award of reasonable attorney's fees on appeal.

McINTURFF, C.J., and GREEN, J., concur.