[No. 46273.   En Banc.   May 8, 1980.]

*In the Matter of the Marriage of* JACQUELINE N. LARANGO, *Appellant, and* SAMUEL M. LARANGO, *Respondent.*

*Howard H. Herman* (of *Herman & Herman*), for appellant.

*Robert M. Brown* and *Brown, Thayer & Drummond,* for respondent.

DOLLIVER, J.—Jacqueline and Samuel Larango were married on April 1, 1962; the marriage was dissolved on October 3, 1975. Both parties worked during the marriage. Plaintiff, a dental assistant, earned social security benefits while defendant, a railroad employee, earned federal railroad retirement benefits.

At the time of dissolution, the trial court listed but did not value plaintiff's social security benefits and defendant's railroad retirement benefits. Certain other items not relevant to the disposition of the case were also listed but not valued. The property valued had an aggregate sum of approximately $111,000. The court made a division of the valued property and awarded plaintiff approximately $64,000 and defendant the remaining $47,000.

The court also found that defendant's railroad retirement benefits and plaintiff's social security benefits were not subject to division in a dissolution proceeding, but that they were proper and necessary considerations in making an equitable division of the property.

Plaintiff appealed the property division to the Court of Appeals. While the appeal was pending, the Court of Appeals decided *In re Marriage of McKinney,* 14 Wn. App. 921, 546 P.2d 456 (1976), which held that a wife has a community interest in her husband's railroad retirement benefits. The parties here then stipulated to a remand of the case to the Superior Court "for disposition [of the property] in accordance with the decision rendered in *In re Marriage of McKinney.*"

While the case was in the Superior Court on remand, the United States Supreme Court rendered its decision in *Hisquierdo v. Hisquierdo,* 439 U.S. 572, 59 L. Ed. 2d 1, 99 S. Ct. 802 (1979). Based on *Hisquierdo,* the trial court confirmed its original findings of fact, conclusions of law and decree of dissolution. The case was appealed directly to this court.

The only question before us is whether plaintiff has a community interest in defendant's railroad retirement benefits which is subject to a "just and equitable" division between the parties. RCW 26.09.080.

■ *Hisquierdo v. Hisquierdo, supra,* is decisive in determining this case. In *Hisquierdo,* the Supreme Court held that railroad retirement benefits awarded pursuant to 45 U.S.C. § 231 (1977), are not subject to disposition upon the dissolution of a marriage. After it cited 45 U.S.C. § 231m, at 576,

> "Notwithstanding any other law of the United States, or of any State, territory, or the District of Columbia, no annuity or supplemental annuity shall be assignable or be subject to any tax or to garnishment, attachment, or other legal process under any circumstances whatsoever, nor shall the payment thereof be anticipated. . . ."

the court then went on to state the impact of this section at 583–84:

> Section 231m plays a most important role in the statutory scheme. Like anti–attachment provisions generally, see *Philpott v. Essex County Welfare Board,* 409 U.S. 413 [34 L. Ed. 2d 608, 93 S. Ct. 590] (1973); *Wissner v. Wissner,* [338 U.S. 665, 94 L. Ed. 424, 70 S. Ct. 398 (1950)], it ensures that the benefits actually reach the beneficiary. It pre–empts all state law that stands in its way. It protects the benefits from legal process "[n]otwithstanding any other law . . . of any State." Even state tax–collection laws must bow to its command, for Congress added that phrase in an amendment designed in part to ensure that neither federal nor state tax collectors would encroach on the distribution of benefits. It prevents the vagaries of state law from disrupting

the national scheme, and guarantees a national uniformity that enhances the effectiveness of congressional policy.

(Footnote omitted.)

Under this unmistakable holding of the United States Supreme Court, the courts of this state have no jurisdiction over railroad retirement benefits and plaintiff has no interest in them of any kind. U.S. Const. art. 6, cl. 2.

Nonetheless, plaintiff contends that, even though the Supremacy Clause deprives her of any community interest in the railroad retirement benefits, her interest in the benefits must be considered in the distribution of the property. This argument is based on the fact that, while California requires an equal division of community property (Cal. Civil Code § 4800 (West 1970 & Cum. Supp. 1979)), our statutes require a "just and equitable" distribution of community property. RCW 26.09.080. Thus, even though *Hisquierdo* specifically barred an offsetting award, plaintiff claims there can be no offsetting under the Washington scheme of just and equitable distribution and, therefore, the reliance on *Hisquierdo* in this state is misplaced.

From the language of *Hisquierdo*, however, it is plain that it is not the law of a particular state which must be examined to see if it is consonant with the railroad retirement act, but rather that section 231m "pre–empts all state law that stands in its way." *Hisquierdo*, at 584. *Any* disposition by a state court which takes into account the benefits to the railroad worker "causes the kind of injury to federal interests that the Supremacy Clause forbids. It is not the province of state courts to strike a balance different from the one Congress has struck." *Hisquierdo*, at 590. The differing requirements in California and Washington for the distribution of community property are immaterial.

■ Even though the trial court refused to value the railroad retirement benefits—or the social security benefits of plaintiff—it did hold them to be "proper and necessary considerations in making an equitable division of the property." Furthermore, in its award of property, the court took

into account the greater retirement benefits accruing to defendant from his railroad retirement pension and the substantial amounts the community had contributed to both railroad retirement of defendant and social security of plaintiff and awarded the railroad retirement benefits to defendant and the social security to plaintiff. While it may be that even this determination by the trial court violates the strictures of the United States Supreme Court, we need not decide that question here. No objection to this action was raised by defendant and from the language of the trial court it is apparent any advantage occurred to the benefit of plaintiff.

Plaintiff urges other issues relative to the division of property should be considered. However, the sole question, as stipulated by the parties, was the question of whether defendant's railroad retirement benefits must be considered in the property disposition, and any change in the disposition made by the trial court became dependent upon our holding that railroad retirement benefits must be so considered. Since we hold they may not be considered, we will not disturb the disposition by the trial court which we find to be fair, reasonable and equitable considering the factors prescribed by RCW 26.09.080 and the circumstances of the parties. *In re Marriage of Hadley,* 88 Wn.2d 649, 565 P.2d 790 (1977); *Baker v. Baker,* 80 Wn.2d 736, 498 P.2d 315 (1972).

Affirmed.

UTTER, C.J., ROSELLINI, BRACHTENBACH, HOROWITZ, and HICKS, JJ., and HAMILTON, J. Pro Tem., concur.

STAFFORD and WILLIAMS, JJ., concur in the result.