CHRYSTYNA ANISIA (CZYZ) )
REYMANN, )
)
    Plaintiff/Appellee, )
)
)
VS. )
)
)
VINCENT ROBERT REYMANN, )
)
    Defendant/Appellant. )



**FILED**

**Dec. 8, 1995**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

Sumner Circuit
No.  12163-C

Appeal No.
01-A-01-9506-CV-00272

IN THE COURT OF APPEALS OF TENNESSEE

MIDDLE SECTION AT NASHVILLE


APPEAL FROM THE CIRCUIT COURT OF SUMNER COUNTY

AT GALLATIN, TENNESSEE


HONORABLE W. THOMAS GOODALL, JR., JUDGE



MICHAEL W. EDWARDS
177 East Main Street
Hendersonville, Tennessee  37075
ATTORNEY FOR PLAINTIFF/APPELLEE


John R. Phillips, Jr.
PHILLIPS & INGRUM
117 East Main Street
Gallatin, Tennessee  37066
ATTORNEY FOR DEFENDANT/APPELLANT


REVERSED IN PART.
AFFIRMED IN PART.
REMANDED.

                              HENRY F. TODD
                              PRESIDING JUDGE, MIDDLE SECTION


CONCUR:
SAMUEL L. LEWIS, JUDGE
BEN H. CANTRELL, JUDGE

| | |
|---|---|
| CHRYSTYNA ANISIA (CZYZ) REYMANN, | ) |
| | ) |
| Plaintiff/Appellee, | ) |
| | )  Sumner Circuit |
| | )  No. 12163-C |
| VS. | ) |
| | )  Appeal No. |
| | )  01-A-01-9506-CV-00272 |
| VINCENT ROBERT REYMANN, | ) |
| | ) |
| Defendant/Appellant. | ) |

O P I N I O N

This is an appeal from a decree of divorce in which the issues presented on appeal by defendant-appellant are:

> I.      The Trial Court erred in reducing valuation of the wife's civil service retirement pension by hypothetical social security benefits.

> II.      The Trial Court erred in awarding the parties' marital interest in annuities to their adult daughter in trust.

The plaintiff-appellee presents a third issue as follows:

> III.      The Trial Court erred in failing to adjust the distribution between husband and wife to equalize the tax effect on any unrealized gain on stocks.

*-First Issue:  Valuation of Pension of Wife-*

The wife is an employee of the federal government.  As such, she has accumulated vested pension rights the present value of which is $74,192.00.  However, at the insistence of the wife, the Trial Court reduced the value of the pension to $14,738 for reasons stated in the order of the Trial Court as follows:

> (b)      The Court has further considered the appraisal of Pensions Appraisers, Inc. which takes into account what the value of the plaintiff's retirement through the Social Security Administration would have been had she been a member of the Social Security Retirement System during the period she has worked for the Veterans' Administration.  Pensions Appraisers', Inc. values social security benefits at Fifty-Nine Thousand Four-Hundred Fifty-Three and 55/100 Dollars ($59,453.55). The Court finds that this appraisal was based on the earnings of the plaintiff and what the present value of the accumulated

social security retirement would have been had she been a member.

(c)     The Court finds that the plaintiff did not have a choice as to whether or not to be a member of the Civil Service Commission Retirement Plan or the Social Security System and was mandated to be a member of the Civil Service Commission Retirement.  The Court finds that for equitable distribution as a part of the marital estate, the plaintiff's Civil Service Commission Retirement pension is valued at Fourteen-Thousand Seven-Hundred Thirty-Eight and 21/100 Dollars ($14,738.21) which amount will be considered by the Court in the distribution of the marital estate. . . .

The pension rights of a spouse earned during the marriage are to be considered as marital property.  5 U.S.C.S. §8341(h)(1); T.C.A. §36-4-121(b)(1)(B).

Social security benefits are subject to court orders enforcing alimony or child support. 42 U.S.C.S. §659(a).

However, Section 659(a) is inapplicable to property settlements or judicial division of marital property.  42 U.S.C.S. §662(c).

Moreover, 42 U.S.C.A. §407(a) provides:

The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.

Anticipated social security benefits are not a part of the martial estate because it was not vested as required by T.C.A. §36-4-121(b)(1)(B).  *Meadows v. Meadows,* Okl. 1980, 619 P.2d 598; *Brevard v. Brevard,* 74 N.C. Appeals 484, 328 S.E.2d 789 (1989).

In *Swan v. Swan,* Or. 1986, 720 P.2d 747, the Trial Court used the value of the social security benefits claimed by each party in calculating the total marital property and the amount of same to be awarded each party.  The Supreme Court reversed, holding that the

value of social security benefits may not be considered in making a division of martial property, citing 42 U.S.C.A. §§407(a), 659(a) and 662(c) and *In Re: Hisquierdo,* 19 Cal.3d 613, 139 Cal.Reptr. 590, 566 P.2d 224 (1977).

To the same effect are *Re: Marriage of Hillerman,* 109 Cal.App. 3rd 334, 167 Cal. Reptr. 240 (1980) and *Larango v. Larango,* 93 Wash.2d 460, 610 P.2d 907 (1980).

In *Harmon v. Harmon,* 161 N.J. Supr. 206, 391 A.2d 552 (1978), it was held that social security benefits actually being received by a spouse were to be included in the distribution of marital property under a New Jersey statute.

The foregoing authorities relate to consideration and allocation of social security benefits in distribution of marital property, whereas the present controversy is about the consideration of the lack of social security in diminution of the value of other pensions which are marital property. However, this Court conceives no rationale for applying a different rule to the mirror image of the situation in the cited authorities. If social security cannot be considered a marital asset, then the lack of social security should not be considered in reduction of marital assets.

In *Cornbleth v. Cornbleth,* Superior Court of Penn. 1990, 590 A.2d 369, it was held that the Federal statute precluding consideration of social security benefits as marital assets does not preempt consideration of a state pension as an asset but that a portion of the state pension should be exempted from the marital estate to the extent of the part of the pension which might be considered "in lieu of" social security benefits.

This Court simply disagrees with the reasoning of the Pennsylvania Court and declines to follow the same.

The action of the Trial Judge in considering social security in distributing marital property is erroneous and it will be vacated.

*-Second Issue:  Annuity Of Daughter-*

The case was tried on March 7, 1994.  At that time the plaintiff testified as follows:

> Q.      Let's talk a little bit about the Metropolitan Trust that has Alicia's name on it and Mr. Reymann's name on it.  And I'm referring to Exhibit No. 7, the Metropolitan Life Annuity.  Would you have any suggestion about what you would like Judge Goodall to do with that annuity?
>
> A.      I'd like that to be awarded to my daughter.  She has gone through extreme stress, a lot of grief that has been brought on by husband, and I'd like to somehow have it in a trust for her that she could draw some interest so she could have some money when she gets into trouble.
>
> Q.      Was that the purpose of setting that aside?
>
> A.      No, it was intended for the college education, and Vincent decided not to cash those in.
>
> . . . .
>
> Q.      Would you suggest to the Judge how the trust would work, would she get the money right now?
>
> A.      I think is should be with graduating payments.  I think it should be put in something that draws -- that she gets some income so she will have at least enough to eat on when she gets in trouble.

Exhibit 7, mentioned above, reads as follows:

> Asset Held Jointly With Alicia Reymann (parties' daughter)
>
> Metropolitan Life
>
> a.)      Annuity No. M3149864 and No. M3150029
>          Value                                    $28,968

The first order following the trial entered on March 16, 1994, contains the following:

>   IT IS FURTHER ORDERED AND ADJUDGED that the Metropolitan Annuity Policies, #M3150029 and #M3149864, presently held jointly by the Husband, Vincent R. Reymann, and by the parties' adult daughter, Alicia Reymann, shall be impressed with  a spendthrift trust in favor of the parties' daughter, Alicia Reymann, pursuant to which said person shall

-5-

> receive $5,000 at age 30, $5,000 at age 35, $10,000 at age 40, $10,000 at age 45 and $10,000 each five years thereafter until the trust asset shall be depleted. The interests of the husband and the wife in and to the Metropolitan Life Annuities set forth herein are divested from them and vested in said trust. The trust hereby imposed upon this asset shall terminate and ownership shall revert to the parties, Vincent Reymann and Chrystyna Reymann, in equal shares in the event of the death of Alicia Reymann.

A further order, entered on May 26, 1994, contains the following:

> . . . (2) The Spendthrift trust established by the Court for the benefit of ALICIA MARIE REYMANN is hereby modified. The Court orders that the trust shall be established and funded through the Metropolitan Annuity Fund in the approximate amount of Twenty-Eight Thousand Nine-Hundred and 00/100 Dollars ($28,900.00). The plaintiff may petition the Court to encroach upon the trust for the benefit of the child for extraordinary education, medical or other special purposes. The plaintiff shall petition the Court by proper petition with a copy to the defendant and the Court will determine whether or not the encroachment on the trust is proper. The trust will terminate at such time as ALICIA MARIE REYMANN reaches forty (40) years of age.

Although it does not appear with certainty, it seems that the defendant and his adult daughter were the joint owners of two annuities, the combined cash value of which was approximately $28,000.00, and that the Trial Court undertook to divest the interests of the defendant and his daughter in said annuities and to vest the same in the plaintiff as trustee of a spendthrift trust for the benefit of the daughter.

So far as this record shows, the daughter is not a party to this suit, and neither the Trial Court nor this Court has any authority to make any order regarding her interests in any property. *Memphis Light, Gas & Water Division v. Craft,* 98 S.Ct. 1554, 436 U.S. 1, 56 L.Ed.2d 30 (1978); *Phillips v. State Board of Regents, etc.,* Tenn. 1993, 863 S.W.2d 45.

Therefore, that part of the judgment of the Trial Court which undertakes to convert an absolute property right of the daughter into a spendthrift trust must be vacated.

It seems that the Trial Court has required the defendant to contribute his absolute property right in the annuities to a spendthrift trust to a daughter who is an adult, has graduated from college and, so far as this record shows, is legally competent. No authority is cited or known to this Court which authorizes a party to a divorce case to contribute to a trust fund for the benefit of a competent adult child.

All actions of the Trial Court regarding the annuities owned by defendant and his daughter are reversed and vacated, and the rights of the owners of said annuities will remain as provided in the texts of the annuity certificates which are not included in this record.

*-Third Issue: Tax on Gain on Stocks-*

Plaintiff's entire argument supporting this issue is:

> The Court awarded the *Schwab One Account #NV7424-1204* to the wife. At the time of the distribution, the stock account had a value of Eighty-Three Thousand Two Hundred Forty-Six and 00/100 Dollars ($83,246.00).
>
> In making the distribution, the Court did not take into account the fact that the retirement accounts that were awarded to the husband could be rolled over under the law to a non-taxable account solely in the name of the recipient. The *Schwab One Account* appears to be a stock account which has a basis. At such time as the wife chooses to liquidate that account, she will have to pay taxes on the increase in value from the original basis.
>
> The wife would ask that this issue be remanded back to the Trial Court to determine the tax implication and to make an adjustment by a cash payment from the husband to equalize the division as ordered by the Court on March 4, 1994.

The record does not reflect that plaintiff presented to the Trial Court this argument or any evidence to support it. Therefore, the issue may not be raised or considered on appeal. *Lawrence v. Stanford,* Tenn. 1983, 655 S.W.2d 927; *Atkins v. Kirkpatrick,* Tenn. App. 1991, 823 S.W.2d 547.

That part of the judgment of the Trial Court which reduced the value of the pension rights of plaintiff because of lack of social security benefits is reversed and vacated, and the division of marital assets without such reduction is restored.

That part of the judgment of the Trial Court which converted the two annuities owned by defendant and daughter into a spendthrift trust is reversed and vacated.

Otherwise, the judgment of the Trial Court is affirmed.

Costs of this appeal are taxed against the appellee. The cause is remanded to the Trial Court for further proceedings consistent with this opinion.

Reversed in part.
Affirmed in part.
Remanded.

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:


_____
SAMUEL L. LEWIS, JUDGE


_____
BEN H. CANTRELL, JUDGE